*1152 OPINION.
Milliken:
The facts in this case clearly show that the Bandini Petroleum Co. was organized by the Machris brothers for the purposes of insuring a supply of oil for the petitioner, and was operated as a department or branch otf petitioner’s business. For the purpose of raising funds necessary for the incorporation of the Bandini Company certain friends, business associates, and employees were sold stock amounting to 14.1 per cent of the whole, and 13.1 per cent was sold to the general public. The Machris brothers retained 72.5 per cent of the Bandini stock and owned all of the stock of petitioner.
Prior to the organization of the Bandini Company the three Machris brothers induced several of their (friends and business associates to enter into a preorganization subscription agreement. There was a general understanding as to the necessity for the existence of the company from a business standpoint and the investors were *1153 informed of the control and dominion to be exercised over the company by the Machris Brothers. Several of the investors testified •that such an understanding between all the parties was a prerequisite to their becoming stockholders in the newly formed corporation. Instead of the control by the Machris Brothers being opposed, it was welcomed and expected in accordance with prior understanding. The well defined and restricted scope of its activities and the manner in which it was operated made the Bandini Company simply a business adjunct of petitioner.
The three stockholders o>f petitioner carried out the letter and spirit of their preorganization agreement. When credit, material, supplies, services or any assistance was needed by Bandini Company, it was supplied by petitioner or its stockholders; The stock in the hands of the public as distinguished from that represented by the preorganization subscription agreement was at all times agreeable to the management and conduct of the business of Bandini Company by the Machris Brothers.
The case is strikingly like that of Midland Refining Co., 2 B. T. A. 292, 296. There, as here, one company was an oil-refining company and the other was a producing or drilling company organized for the purpose of providing crude oil for the' former. The refining company took all the crude oil produced by the drilling company and there were intercompany transactions similar to those in the instant case, such as loaning of money, facilities and equipment, interchange of officers and employees, occupation of the same offices, and absolute domination of the business of both companies by three persons, who endeavored to make both companies successful.
In that case, the dominant stockholders originally owned 90 per cent of the stock in the refining company and 18.26 per cent in the producing company, but part of their holdings was sold to friends, business associates and employees, so that their holdings were reduced to 62.11 per cent, and 51.01 per cent, respectively, yet on account of the close business relationship, we held that substantially all of the capital stock of both corporations was owned or controlled by the same interests. The Board there said:
The intercompany transactions show that there was the closest cooperation between the two organizations, and that no effort was made to allocate between the companies the cost of materials, services, or labor furnished by the one to the other. It is a clear case of commercial and economic unity.
Approximately 80 per cent of the stock of each company was held by persons owning stock in both companies. It is apparent that the two companies were, in fact, operated as one and each for the benefit of the other. Skelly, Osborne and Pielsticker dominated and controlled both of these corporations and their efforts were directed not to making a success of one company but to making a success of both companies, which effort was the result of a preconceived plan consistently carried out.
*1154 A careful examination of the stockholdings and the relationships existing between the various holders shows that substantially all of the stock is owned or controlled by the same individuals. It seems to follow, naturally, if a. group of individuals owns or controls substantially all of the stock of both corporations, and if such ownership or control is by all exercised for one purpose, namely, the joint success of the corporations, that these individuals meet the requirements of the words “ the same interests.”
We believe that the two corporations were affiliated and that any other conclusion would be contrary to the meaning of the statute.
We think that case on principle is decisive of the case at bar and it results that petitioner and the Bandini Petroleum Co. were affiliated and are entitled to file a consolidated return for the year 1920.

Judgment will be entered under Rule 50.